IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KRISTOPHER JONES AND EARNEST MOORE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 2:18-cv-854-ALB ) ) |
| KOCH FOODS OF ALABAMA LLC, | ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on motion by Koch Foods of Alabama LLC ("Defendant") to dismiss the state-law claims of intentional infliction of emotional distress or "outrage" brought by Kristopher Jones (Counts VII) and Earnest Moore (Count VIII). Upon consideration, Defendant's motion (Doc. 6) is due to be **GRANTED**.

## STANDARD

When considering a motion to dismiss, the court accepts all facts alleged in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). There are two questions a court must answer before dismissing a complaint. First, the court must ask whether there are allegations that are no more than conclusions. If there are,

they are discarded. Second, the court must ask whether there are any remaining factual allegations which, if true, could plausibly give rise to a claim for relief. If there are none, the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## BACKGROUND

Plaintiffs Jones and Moore are African-American men who allege that Defendant wrongfully fired them because of their race and in retaliation for engaging in protected activity. Plaintiffs allege that a white supervisor suspended and fired Plaintiffs "for failing to follow Koch Foods' [lock out tag out] policy and procedures" on a "skinner 7-8," which is a machine used for chicken processing. Doc. 1 ¶¶ 39-42. Plaintiffs claim, however, that they did follow Koch Foods' procedures. They also claim that white employees were not disciplined for failing to follow these procedures. Doc. 1 ¶¶ 52-55. "[D]espite Plaintiffs' opposition to race discrimination and despite being made aware of the fact that Plaintiffs had in fact performed LOTO on skinner 7-8, Plaintiffs were subsequently fired from Koch Foods for failure to perform LOTO on that machine." Doc. 1 ¶ 60.

The Complaint brings claims for racial discrimination and retaliation in violation of Title VII, 42 U.S.C. §§ 2000(e) et seq., and for intentional infliction of emotional distress under Alabama common law. Defendant moved to dismiss only

2

the common law claims for intentional infliction of emotional distress, Counts VII and VIII of the Complaint.

## **DISCUSSION**

Defendant argues that the Complaint does not state a claim upon which relief may be granted for intentional infliction of emotional distress. *See* Fed. R. Civ. P. 12(b)(6). The Court agrees.

In Alabama, the tort of intentional infliction of emotional distress is referred to as "outrage." There are three elements to the tort. "The plaintiff must prove (1) that the defendant's conduct was intentional or reckless; (2) that it was extreme and outrageous; and (3) that it caused emotional distress so severe that no reasonable person could be expected to endure it." *Ex parte Crawford & Co.*, 693 So. 2d 458, 460 (Ala. 1997). The Supreme Court of Alabama has made it clear that "outrage" is a high bar, and the only consistently recognized categories of actionable conduct exist "in the family-burial context…[when] barbaric methods [are] employed to coerce an insurance settlement…and [in cases of] egregious sexual harassment." *Little v. Robinson*, 72 So. 3d 1168, 1172 (Ala. 2011). In *Little* the court opined that, although the tort is not explicitly cabined to those three categories, the defendant in an outrage case must have done something akin to "a family physician who, when asked by a teenage boy's mother to counsel the boy concerning his stress over his parents' divorce, instead began exchanging addictive prescription drugs for

3

homosexual sex for a number of years, resulting in the boy's drug addiction." *Id.* (quoting facts from *O'Rear v. B.H.,* 69 So.3d 106 (Ala. 2011)).

For its part, this Court has held that garden-variety employment discrimination claims cannot meet the common law test for outrage. *See McCreight v. AuburnBank*, 2020 WL 1061675, at *3 (M.D. Ala. Mar. 4, 2020). Instead, for an employment termination to meet the common-law test for "outrage," the termination must be "for a reason which contravenes public policy…and…accompanied with the sound of fury." *Harrell v. Reynolds Metals Co.*, 495 So. 2d 1381, 1387 (Ala. 1986); *see also Ritchey v. S. Nuclear Operating Co., Inc.*, 2008 WL 11342662, at *2 (N.D. Ala. Feb. 14, 2008) (acknowledging the test from *Harrell*). *See also Thrasher v. Ivan Leonard Chevrolet, Inc.*, 195 F. Supp. 2d 1314, 1319 (N.D. Ala. 2002) (holding that a woman did not have a claim of outrage where she was harassed, scrutinized, and then fired on the basis of her pregnancy).

Plaintiff relies extensively on *Patterson v. Augat Wiring Sys., Inc.*, 944 F. Supp. 1509 (M.D. Ala. 1996), but *Patterson* is inapposite. *Patterson* uses a different standard because the plaintiff in that case was not fired, but Plaintiffs here fail to meet it nonetheless. In *Patterson*, the plaintiff's supervisor sexually harassed her, subjected her to profane and racially derogatory statements, and "placed his hand on the Plaintiff in a rude and angry manner, and, as a result, the Plaintiff's leg was scratched and she was physically bruised." *Id.* at 1515-16. Another supervisor

"yelled and screamed at her" and "insisted on humiliating her in front of her co-workers." *Id.* The plaintiff alleged that, because of this "intense and continued harassment and retaliation, she suffered serious psychological and medical problems." *Id.* The Court held that, based on these allegations, "a question of fact exists as to whether [the] alleged racial discrimination, retaliation, and sexual harassment constitute outrageous conduct and whether the Plaintiff suffered 'emotional distress so severe that no reasonable person could be expected to endure it.'" *Id.* at 1526.

This case, unlike *Patterson*, is governed by *Harrell'*s requirement that an employee's termination "contravene public policy" and be "accompanied with the sound of fury." Under that test, Plaintiffs have failed to identify a superlative element to support an outrage claim. Plaintiffs argue that they were falsely accused of violating a policy by their co-workers and that Defendant conducted an inadequate investigation into the issue. Doc. 13 at 7. These allegations are the very definition of a garden-variety workplace dispute that lacks both the continuous severity of *Patterson* and the sound of fury required by *Harrell*. The Court has little difficulty in concluding that the Supreme Court of Alabama would reverse a plaintiff's jury verdict on an outrage claim based on the facts as alleged in this complaint. As a result, Plaintiffs' outrage claims are due to be dismissed.

## CONCLUSION

In light of the foregoing reasoning, Defendant's partial motion to dismiss is due to be and is **GRANTED.** Counts VII and VIII are **DISMISSED**. Plaintiffs are given 14 days to amend the complaint in response to this order.

**DONE** and **ORDERED** this 19th day of March 2020.

                                        /s/ Andrew L. Brasher
                                ANDREW L. BRASHER
                                UNITED STATES DISTRICT JUDGE